(13 Misc. Rep. 221.)

### PEOPLE v. BANKERS' LOAN & INVESTMENT CO.

(Common Pleas of New York City and County, General Term.   June 27, 1895.)

CORPORATIONS—DIRECTORS—FIXING BOOK VALUE OF STOCK.
   The directors of a corporation may charge its losses against the stock of its shareholders, and thus fix the book value of shares.

Appeal from special term.

Action by the people against the Bankers' Loan & Investment Company for dissolution of defendant. From an order adjudging that defendant's board of directors had power to fix the book value of its stock, and discharging a temporary receiver, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Theodore E. Hancock, Atty. Gen., and Strayley, Hasbrouck & Schloeder, for the People.

Wheeler & Cortis and John C. Ten Eyck, for respondent.

PER CURIAM. The defendant company having suffered a loss of $150,000, the board of directors charged this loss, pro rata, against the stock of the company's shareholders, in establishing the book value of shares, and the single question submitted for decision is whether the board had authority for the act. Unquestionably, a board of directors has no power to reduce the capital stock of a corporation, as fixed by its constitution. Railroad Co. v. Schuyler, 34 N. Y. 30; Sutherland v. Olcott, 95 N. Y. 93; Railway Co. v. Allerton, 18 Wall 233, 234. If the defendant may be said to have a capital stock, its amount is not ascertained, nor is it reduced otherwise than to meet losses sustained by the company in the prosecution of its business. The board of directors has the management of the common concerns of the company (article 4 of the constitution). Tayl. Corp. §§ 180, 683. And we are of the opinion that to charge the losses of the company against its stock was an ordinary incident of its administration. People v. Lowe, 117 N. Y. 175, 22 N. E. 1016. By article 8 of defendant's constitution, the book value of a share of stock is ascertained by charging losses against shares. This is precisely what was done, and we conclude it to be clearly within the competency of the board. Tayl. Corp., supra. The order is affirmed, with costs.