## PEOPLE v. REPUBLIC SAVINGS & LOAN ASS'N.

(Supreme Court, Appellate Division, Second Department. July 23, 1900.)

1. PLEADING—FORM OF ALLEGATION—SUFFICIENCY.

In an action to wind up a building and loan association under Laws 1892, c. 689, § 18, providing that, when it shall appear to the superintendent of banking that a corporation is insolvent, he shall report the facts to the attorney general, who shall thereupon take such proceedings as are necessary, the complaint alleged that "from an examination made by the superintendent of banking the fact appeared" that defendant was insolvent, instead of alleging insolvency directly. *Held*, that the form of the allegation was a sufficient statement of the facts to constitute a cause of action.

2. GENERAL BANKING LAW—BUILDING AND LOAN ASSOCIATION—SUPERINTENDENT OF BANKING—ATTORNEY GENERAL.

Laws 1892, c. 689, § 17, provides that any corporation or banker subject to the provisions of the act shall promptly make good any impairment of capital; and section 18 provides that when it appears to the superintendent of banking that any such corporation or banker is insolvent, or that it is unsafe for it or him to continue in business, he shall report the facts to the attorney general, who shall thereupon take such proceedings as are necessary. *Held*, that the words "such corporation or banker" included building and loan associations, which were subject to dissolution thereunder.

3. SAME—SCALING DOWN SHARES—CONSENT OF SHAREHOLDERS.

An examination of a building and loan association by the banking department showed a large deficiency of assets. Defendant's directors adopted a resolution reducing the value of shares by the amount of the deficiency, but with a preamble affirming their belief that no deficiency existed. A large number of stockholders consented to scaling down their shares "if it were true the assets were less than the liabilities." *Held*, that the conditional consent of the stockholders to the scaling down of their shares never became operative, since they cannot have intended to authorize the directors to charge off a deficit against the stock unless the directors believed such deficit really existed.

Appeal from special term, Kings county.

Action by the people of the state of New York, by John C. Davies, attorney general, to wind up the Republic Savings & Loan Association. From an order appointing temporary receivers, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Hector M. Hitchings, for appellant.
Edward P. Coyne, for the People.

WILLARD BARTLETT, J. The defendant is a domestic corporation organized under chapter 122 of the Laws of 1851, which was entitled "An act for the incorporation of building, mutual loan and

accumulating fund associations." That statute was repealed when the existing banking law was enacted (Laws 1892, c. 689, § 215), and associations of this character are now chiefly controlled and regulated by the provisions of the banking law. The present suit has been instituted by the attorney general to procure a dissolution of the defendant on the ground that it is unsafe and inexpedient for such corporation to continue business. It is manifest that the action is based on section 18 of the banking law, which provides, among other things, that, whenever it shall appear to the superintendent of banks that it is unsafe and inexpedient for a corporation or banker subject to the provisions of that statute to continue business, "he shall communicate the facts to the attorney-general, who shall thereupon institute such proceedings against the corporation or banker as are authorized in the case of insolvent corporations, or such other proceedings as the nature of the case may require." The form of the complaint is justly subject to criticism. Instead of alleging directly that the liabilities of the defendant exceed its assets, and that the defendant is insolvent and is violating the various provisions of its by-laws and charter, and conducting its business in an unsafe and unauthorized manner, it avers that:

"From examination made by, and under the direction of, the superintendent of banks of the state of New York, of the books and papers of the said defendant corporation in and about the month of July, 1899, to March, 1900, inclusive, the fact appeared that the liabilities of said defendant exceeded its assets, and that said defendant was insolvent and unable to pay its debts, charges, and obligations, and that said defendant had. violated various provisions of its by-laws and charter and of the laws of the state of New York, binding upon it, and was conducting its business in an unsafe and unauthorized manner," etc.

If the question were a new one, I should hesitate to hold that an allegation in this form was a sufficient statement of the facts to constitute a cause of action. There is no substantial difference, however, between the complaint in this case and that which was upheld by my associates in People v. Empire Loan & Investment Co., 15 App. Div. 69, 44 N. Y. Supp. 308. The form of the complaint was not deemed fatal to the temporary receivership in that case, and therefore I do not see how we can interfere with the order now under review, on account of any alleged insufficiency in the complaint in this action.

But, irrespective of this question of form, it is argued in behalf of the appellant that the complaint wholly fails to state any cause of action, inasmuch as neither section 17 nor section 18 of the banking law applies to building and loan investment companies, like the defendant, organized under the act of 1851. Upon this point it is sufficient to refer to the decision just rendered by the appellate division in the First department, July 17, 1900, in the case of People v. Mercantile Co-operative Bank (not yet officially reported) 65 N. Y. Supp. 766. The defendant in that litigation, although nominally a bank, was really a corporation of the same character as the defendant in the case at bar, having been organized under the authority of chapter 122 of the Laws of 1851. The effect of the decision is to hold that the term "such corporation or banker," in the second paragraph

of section 18 of the banking law, embraces a building and mutual loan corporation or association; and Mr. Justice Rumsey, who writes the opinion of the court, points out that section 18 of the banking law should be read in connection with section 1785 of the Code of Civil Procedure,—that section being referred to, not as the source of the power of the attorney general, but as prescribing the course to be pursued when the necessary facts required by section 18 of the banking law are made to appear. "The result of the two statutes," he says, "is as though there had been added to section 1785 a new subdivision, prescribing that an action to dissolve a corporation should be brought whenever it should appear to the superintendent of banks that it was unsafe and inexpedient for a corporation to which the banking law was applicable to continue in business, and he should communicate the facts to the attorney general." It thus appears that there are authoritative decisions adverse to the appellant in respect to the form of the complaint, and the scope and operation of section 18 of the banking law.

The only other question necessary to consider is whether the proof before the special term was clear enough to justify the court in appointing temporary receivers. Did the facts set out in the papers make out a prima facie case, warranting the conclusion that it was unsafe and inexpedient for the defendant corporation to continue business? In answering this question, regard must be had not only to the contents of the affidavits in support of the application, but to the facts set out in the verified report of the bank examiner by whom the affairs of the defendant were investigated. Banking Law, § 24; People v. Mercantile Co-operative Bank, 65 N. Y. Supp. 766. According to that report, on March 24, 1900, there was a deficit of $219,420.21 in the assets of the association, and the examiner expresses the opinion that this deficit will constantly increase if the association is permitted to continue business. It appears that, after learning that this deficiency had been reported, the directors of the defendant corporation adopted a resolution, on June 26, 1900, by which they scaled down the liabilities of the association, or reduced the book value of all the shares, pro rata, by charging off said alleged deficiency of $219,420.21, thereby reducing the liability of the association to that extent. This resolution recites that the shareholders have expressed their willingness to have the book values of their shares reduced, and declares that it is adopted "in accordance with said written request of our shareholders." The evidence of this written request is contained in an affidavit by Mrs. Sarah J. Rogers, which declares that, if it be true that the assets of the corporation are to any extent less than the amount of the liabilities, deponent stands ready and willing to have her interest in the corporation reduced proportionately to such reduction in the assets. Following this affidavit is a statement in the appeal book to the effect that affidavits in exactly the same form have been made by other shareholders, representing in the aggregate nearly $100,000, out of about $600,000. It will be observed that the consent in the affidavit of Mrs. Rogers, adopted by these other shareholders, was conditional upon its being true that the assets were actually less than the liabilities. When,

however, we examine the resolution of the directors, we find in the preamble a declaration that the alleged deficiency of assets reported by the superintendent of banks is absolutely false, and a further declaration by the directors that they know the company to be absolutely solvent, and that its assets are absolutely equal to, and in excess of, its liabilities. It thus appears from the statement of the directors themselves that the condition did not exist which was necessary to make the consent of the shareholders effective. The shareholders were willing that the value of their holdings should be scaled down if there actually was a deficiency, but it is absurd to suppose that they intended to empower the directors to scale them down unless the directors believed that such a deficiency existed. The directors of a corporation cannot charge a sum against its stock, as representing a loss, when they in the same breath deny that there has been any loss whatever. No authority to do this can be found in the defendant's articles of association, or in any judicial decision. The loss under consideration in the case of People v. Bankers' Loan & Investment Co., 13 Misc. Rep. 221, 34 N. Y. Supp. 235, was undisputed. Under the conditions which existed, the defendant corporation was not aided by the attempt of the directors to scale down the value of the shares. When we consider the practice of the defendant corporation in regard to the payment of withdrawal certificates, involving a liability of $95,141.31, the apparent wastefulness of the agency contract, and the other indications of mismanagement disclosed by the bank examiner's report, I am compelled to conclude, contrary to my first impression, that the receivership which has been ordered is probably conducive to the best interests of all the subscribers who have invested their money in this enterprise.

For these reasons, I think we should affirm the order appealed from.

Order affirmed, with $10 costs and disbursements. All concur.